IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARSHA SOSA                                                                                          PLAINTIFF

v.                                               CIVIL NO. 21-5186

KILOLO KIJAKAZI, Acting Commissioner                              DEFENDANT
Social Security Administration

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Marsha Sosa, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See U.S.C. § 405(g).

### I.     Procedural Background:

Plaintiff protectively filed her applications for DIB and SSI on September 26, 2017, alleging an inability to work since May 1, 2017, due to fibromyalgia, neuropathy, gout, acid reflux, schizophrenia, narrowing of the spine, degenerative joint disease, and a vitamin D deficiency. (Tr. 10, 238). The ALJ issued an unfavorable decision on September 17, 2020. (Tr. 10–24). The ALJ found that Plaintiff had an impairment or combination of impairments that were severe: morbid obesity, disorder of the right shoulder, disorder of the neck and back, and disorder of the right knee. (Tr. 13). After reviewing all evidence presented, the ALJ determined

1

that Plaintiff's impairments did not meet or equal the level of severity of any impairment in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14–15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except she could only occasionally climb, balance, stoop, kneel, crouch, or crawl. (Tr. 15–22).

With the help of a VE, the ALJ determined that the Plaintiff would be unable to perform any of her past relevant work but would be able to perform the representative occupations of fountain server, fast food worker, or housekeeping cleaner. (Tr. 22–24). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from May 1, 2017, through September 17, 2020, the date of his decision. (Tr. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which was denied on August 11, 2021. (Tr. 1–3). Subsequently, Plaintiff filed this action. (ECF No. 2). The parties have filed appeal briefs and this case is before the undersigned for report and recommendation pursuant to 28 USC §636 (b). (ECF Nos. 14, 15). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.      Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support

it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in

3

light of his or her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. § 404.1520(a)(4)(v).

### III.   Discussion

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred in failing to fully and fairly develop the record; 2) Whether the ALJ erred in assessing the credibility of Plaintiff's subjective complaints; and 3) Whether the ALJ erred in his residual functional capacity determination which Plaintiff argues was not supported by either examining or treatment source evidence. (ECF No. 14).

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id*.

The ALJ found that Plaintiff's right shoulder disorder was a severe impairment but failed to account for any limitations in his RFC determination related to that impairment. (Tr. 13–22). Plaintiff had an extensive history of treatment for her right shoulder. On October 10, 2019, Plaintiff underwent a right shoulder diagnostic and operative arthroscopy with arthroscopic biceps tenotomy, rotator cuff repair, subacromial. (Tr. 3332). On March 18, 2020, Plaintiff was seen by Dr. Robert Macleod for follow-up on her right shoulder post rotator cuff repair complicated by a fall. (Tr. 3334). They had done a repeat MRI which demonstrated a subscapularis tear, and Plaintiff reported that she had been doing her home physical therapy exercises but was right hand dominant and was having a lot of difficulties with her daily activities and wanted to proceed with surgery as she felt her symptoms were getting worse. On June 24, 2020, Plaintiff was seen by Jay Hiebert, PT for rehabilitation secondary to her rotator cuff repair surgery on March 18th. (Tr. 3403). Her current pain level was at a 7/10 which increased to 10/10 with activity. Her pain was at a level 10 when doing everyday tasks including washing her hair or back, placing an object on a high shelf, or carrying a heavy object of ten pounds. (Tr. 3404). The Commissioner's argument that Plaintiff was able to care for three grandchildren in March of 2020 despite having shoulder surgery ignores not only the realities of the Covid-19 pandemic, but also Plaintiff's testimony that her grandchildren had to help her reach and lift things, and her granddaughter was responsible for Plaintiff's hair care because she could not reach up to do it herself. (Tr. 41). It also ignores Plaintiff's reports to her treating professionals that she was seriously struggling with having to do so much with her three grandchildren, and goal setting regarding setting a boundary with her son regarding her ability to provide help caring for his children. (3356, 3361, 3366). Further, the argument that the ALJ's RFC of light work accounts for her shoulder impairment as it limits her to lifting and carrying

no more than 20 pounds occasionally and 10 frequently is unpersuasive, as the ALJ does not make any indication that the limitation to light work is related to her shoulder impairment, does not account for her documented reaching limitations, and does not make clear whether there was any consideration of limitations related to a shoulder impairment. If the ALJ had a substantive reason for not including any reaching limitations, he failed to indicate any such reason in his opinion.

Additionally, the ALJ acknowledged Plaintiff's allegation of migraines (Tr. 16) but does not appear to have considered whether this impairment was severe at step two. (Tr. 13–14). Plaintiff testified that Dr. Jennings had recommended she see a neurologist about her migraines, and she was waiting for a call back. (Tr. 47). She testified that when they got really bad, she had to go into the ER for treatment and that she had suffered from a migraine once a week for the past three weeks, but more usually had no more than two or three per month. However, when she had one, she would be down for a week or so at a time. The treatment record shows Plaintiff received treatment for migraines during the relevant time period, including Stadol injections in the emergency department. (Tr. 3542, 3571, 3602). While it is not reversible error to fail to find an impairment severe at step two, so long as said impairment is considered in the RFC assessment; failure to find an impairment severe at step two, and then failing to consider the effect of the impairment on Plaintiff's RFC is reversible error. *See Misty G. v. Berryhill*, 0:18-CV-00587-KMM, 2019 WL 1318355 (D. Minn. Mar. 22, 2019); *Coleman v. Astrue*, No. 4:11CV2131 CDP, 2013 WL 665084, at *10, 20 (E.D. Mo. Feb. 25, 2013) (finding the ALJ's failure to find Coleman's back pain a severe impairment, and then failing to consider the effect of her back pain in combination with her other severe impairments was reversible error).The ALJ

6

erred by failing to consider Plaintiff's migraines or any limitations she would suffer as a result of them.

The Court believes remand is necessary for the ALJ to more carefully consider all of Plaintiff's impairments, and to reconsider and more clearly consider her limitations and the combined effects of her impairments in a thorough RFC determination. Given the unexplained disagreement between the nonexamining physicians, as well as the ALJ's finding that Dr. Jennings' opinions are unpersuasive, the ALJ should also procure additional opinion evidence regarding Plaintiff's RFC. On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis.  The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities.  *See* 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### III. Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of January 2023

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE